**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Marion Luster, ) | C/A No. 9:10-1345-CMC |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. and filed on April 26, 2011. For the reasons set forth below, the court adopts the Report and remands the case to the Commissioner to make a finding as to the weight to be given to new evidence and further proceedings as appropriate.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## BACKGROUND

Plaintiff applied for DIB and Supplemental Security Income ("SSI") in January 2007, alleging disability due to osteoarthritis in her knees and skin disorders. Tr. 26, 76, 94, 107. The ALJ, in a decision issued June 1, 2009, found Plaintiff not disabled and denied her claims. Tr. 20-25. Plaintiff appealed this decision to the Appeals Council and submitted new evidence for consideration. Tr. 4-6. This new evidence included two MRIs performed a few months after the issuance of the ALJ's decision, results of two medical examinations, and reports from a new physician opining on Plaintiff's medical condition. Tr. 168-71. The Appeals Council, after

considering the additional information, found no reason to review the ALJ's decision and denied Plaintiff's request for review. Tr. 4-6. Plaintiff then filed this action asserting that there is not substantial evidence to support the ALJ's decision and that the decision should be reversed and remanded for further consideration, or for an outright award of benefits. Dkt. No. 12.

## DISCUSSION

The Report recommends remand because, even though the regulations require that the Appeals Council adhere to a particular standard in considering new evidence[1], the Appeals Council failed to articulate a reason for its decision not to grant review based on Plainitff's new evidence. Dkt. No. 16 at 4. In its notice, the Appeals Council stated only that: "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the [ALJ]'s decision." Tr. 4-5. The Report states that because the Appeals Council did not specify a reason for rejecting Plaintiff's evidence or indicate the weight given to the evidence, the court is unable to engage in any meaningful review. Dkt. No. 16 at 10. Defendant filed objections arguing that the Appeals Council was not required to provide detailed reasons for denying

---

[1] Pursuant to 20 C.F.R. § 404.970(b)

If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b). "When a claimant seeks to present new evidence to the Appeals Council, she is not required to show good cause for failing to present the evidence earlier." *Wilkins v. Sec'y. Dep't of Health & Human Servs.*, 953 F.2d 93, 96 n.3 (4th Cir. 1991).

Plaintiff's request for review rendering remand unnecessary.[2] Dkt. No. 19 at 2

As stated in the Report, there is considerable debate in the Fourth Circuit and in the District of South Carolina as to whether the Appeals Council must articulate a reason for its decision not to grant review upon receipt of additional evidence. *See* Dkt. No. 16 at 9-10. Having reviewed the Report, Defendant's objections, and the relevant case law, the court agrees with the Report that under the specific facts of this case, remand is warranted. *See id.* at 10.

In making his decision to deny benefits, the ALJ noted that (1) the objective medical record did not support Plaintiff's complaints of significant physical limitations; (2) medical exams revealed minimal objective findings and no need for any aggressive treatment for any condition; and (3) no doctor has ever described Plaintiff as disabled or unable to perform all work. Tr. 23 and 24. As stated above, the new evidence presented to the Appeals Council consists of two MRIs taken in 2009 which show more recent and detailed results of Plaintiff's lower back and knee conditions. Tr. 167-71. The new evidence also includes statements by Dr. Gordon Early ("Early") who, after conducting his own examinations in December 2009 and February 2010 and reviewing Plaintiff's medical history, diagnosed Plaintiff with significant knee arthritis and opined that she was a probable

---

[2] The regulations require that the Appeals Council consider additional evidence only "where it relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.970(b). In this case, the ALJ decision was issued June 1, 2009, and the additional evidence presented to the Appeals Council consisted of MRIs from August and December of 2009 and reports from physical examinations performed in December 2009 and February 2010. Tr. 25, 167-71. The court notes that all of this evidence was dated well after the ALJ's decision with no indication that it was retrospective. However, the Appeals Council considered the evidence, and Defendant does not argue that this was improper under the regulations. Tr. 4-6 and Dkt. No. 13 at 17. Therefore, the court finds that Defendant has waived any argument that Appeals Council consideration of the new evidence was improper under the regulations.

candidate for knee replacement.[3] *Id.* Early's report also states that due to her physical limitations Plaintiff would be a poor candidate for heavy, medium, or light work and that due to her mental limitations she would have a hard time maintaining or focusing attention for an eight hour work day. *Id.* As the Report states this evidence is new and not duplicative because it is from a physician not previously consulted and includes MRI results not previously provided. Dkt. No. 16 at 8. Plaintiff argues that this evidence is also clearly material because the first MRI was performed only two months after the ALJ decision and obviously shows a chronic condition that must have existed for some time. *See* Dkt. No. 12 at 33-34. Plaintiff further argues that Early's conclusions provide support for a finding of depression and that Plaintiff needs surgery on her knees, neither of which were addressed by the ALJ in his decision, and relate to the relevant time period because Early relied on Plaintiff's medical records in reaching his conclusions.[4] *Id.*

The Appeals Council summarily found that this new evidence did not provide a basis for changing the ALJ's decision. However, without any explanation from the Appeals Council regarding why the ALJ's decision is not contrary to "the weight of the evidence currently of record" (20 C.F.R. § 404.970(b)), this court cannot determine whether the decision is supported by

---

[3] The court notes that this is consistent with the 2006 report of Plaintiff's physician Dr. Krishna Pudi stating that Plaintiff needed surgery on her knees and which the ALJ failed to reference in his decision. Tr. 121-22.

[4] In his brief, Defendant argues that the Appeals Council was justified in rejecting this new evidence because it would not have changed the ALJ's decision as Early's findings and conclusions are not supported by the objective medical evidence, do not sufficiently relate back to the relevant time period, and appear to be based largely on Plaintiff's subjective allegations, which the ALJ had discredited. Dkt. No. 13 at 16-19. As the Report states, even though Defendant's arguments may be valid, they are nothing more than speculation. Dkt. No. 18 at 9 (citing *Motor Vehicles Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) ("courts may not accept appellate counsel's post hoc rationalizations for agency action")).

substantial evidence.[5] Therefore, remand is required for a finding as to the weight to be accorded this new evidence and, if appropriate, the reasons for rejecting a physician's opinion.

## CONCLUSION

For the reasons stated above, the court adopts the Report, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the case to the Commissioner to make a finding as to the weight to be given to new evidence and further proceedings as appropriate.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 6, 2011

---

[5] As the court noted in *Harmon v. Apfel*, when the Appeals Council fails to articulate reasons for rejecting new evidence, "the court is caught between trying to provide a meaningful judicial review of evidence not considered by the fact finder, while avoiding actually performing the task of weighing and resolving conflicts in the evidence, which is, of course, the function of the ALJ." 103 F. Supp. 2d 869, 872 (D.S.C. 2000).